In the Matter of the Probate of the Will of JULIET E. O. MUNSELL, Deceased. (Two Proceedings.) JULIET KNOWLES et al., Appellants; GEORGE W. GRAVENHORST et al., as Executors of PAUL G. GRAVENHORST, Deceased, Respondents.— Appeal from a decree of the Surrogate's Court, Kings County, which admitted an instrument dated July 21, 1947, to probate as the last will and testament of decedent, and dismissed the petition of appellants which sought denial of probate to said instrument. Decree unanimously affirmed, with one bill of costs to respondents filing briefs, payable out of the estate. The principal question presented was whether the exercise by decedent of a power of appointment over a trust fund was caused or procured by fraud or undue influence. In our opinion, there was a total failure to establish either fraud or undue influence; and the proof was overwhelming that the propounded instrument was the decedent's free act and deed. The direction of a verdict in favor of the validity of the instrument was, therefore, proper. On the record presented, the court's refusal to admit the letter of January 9, 1946, in evidence, as tending to show decedent's state of mind at that time, does not constitute reversible error, nor does the record disclose that any of appellants' substantial rights was affected by the exclusion of evidence as to statements made by Paul G. Gravenhorst, deceased. (Civ. Prac. Act, § 106.) Present — Nolan, P. J., Carswell, Johnston, Wenzel and MacCrate, JJ.

■

In the Matter of the Dissolution of GLOBE MARBLE & GRANITE CORPORATION, Respondent. ALFRED M. PANOFSKY, Appellant.— In a proceeding to dissolve a corporation, order granting the corporation's motion for a stay pending arbitration pursuant to agreement affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Carswell, Johnston, Adel and Schmidt, JJ., concur.

■

ELIZABETH M. KELLY, Appellant, v. JOSEPH E. KELLY, Respondent.— In an action for separation by plaintiff wife, wherein her husband counterclaims for a divorce or for a separation, plaintiff appeals from an order denying her motion to open her default in appearance and for temporary custody of infant children. Order reversed, without costs, and motion granted to the extent of opening plaintiff's default, without costs; custody of the children to remain with defendant until final determination after trial. In our opinion, the motion to open the default should have been granted in the interests of justice. Carswell, Acting P. J., Johnston, Wenzel, MacCrate and Schmidt, JJ., concur,